# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MULTIMEDIA PATENT TRUST,<br><br>　　　　　　　　Plaintiff,<br>vs.<br><br>LG ELECTRONICS, INC., a Korean corporation; LG ELECTRONICS U.S.A., INC., a Delaware corporation; and LG ELECTRONICS MOBILECOMM U.S.A., INC., a California corporation,<br><br>　　　　　　　　Defendants. | CASE NO. 12-CV-2731-H (KSC)<br><br>**ORDER GRANTING MPT'S MOTION FOR SUMMARY JUDGMENT OF LG'S COUNTERCLAIMS**<br><br>[Doc. No. 64] |

On June 19, 2013, Plaintiff Multimedia Patent Trust ("MPT") filed a motion for summary judgment of Defendant LG Electronics, Inc., LG Electronics U.S.A., Inc., and LG Electronics Mobilecomm U.S.A., Inc. (collectively "LG")'s counterclaims. (Doc. No. 64.)[1]  On July 3, 2013, LG filed its opposition to MPT's motion for summary judgment. (Doc. No. 77.)  On July 10, 2013, MPT filed its reply. (Doc. No. 87.)  The Court took the matter under submission on July 11, 2013. (Doc. No. 89.)  After due consideration, the Court grants MPT's motion for summary judgment.

---

[1] All record citations are to the current case, <u>Multimedia Patent Trust v. LG Electronics, Inc.</u>, No. 12-cv-2731 (S.D. Cal., filed Nov. 8, 2012) unless the citation is preceded by "10-cv-2618-" meaning that the citation is to <u>Multimedia Patent Trust v. Apple, Inc.</u>, No. 10-cv-2618 (S.D. Cal., filed Dec. 20, 2010).

## **Background**

On November 8, 2012, MPT filed a complaint for patent infringement against LG, alleging that LG is liable for infringement of two patents related to video compression technology: U.S. Patent Nos. 5,227,878 ("the '878 Patent") and 5,136,377 ("the '377 Patent") (collectively the "Patents-in-Suit"). (Doc. No. 1.) On February 6, 2013, in Case No. 10-cv-2618, the Court severed, to the extent necessary, the non-MSM6575 Qualcomm chips from that action into the present action.[2]  (10-cv-

---

[2] In Case No. 10-cv-2618, after conferring with the parties, the Court issued a scheduling order for all the case management deadlines up to trial on June 8, 2012. (10-cv-2618-Doc. No. 184.)  This Order required MPT to serve its final infringement contentions by September 4, 2012. (Id.) On September 4, 2012, MPT served its final infringement contentions. (10-cv-2618-Doc. No. 328-1, Declaration of Chris Mathews Exs. 1-3.) MPT's infringement contentions for LG referred to several Qualcomm chips that were utilized by the accused products, but MPT only provided a claim chart for a single Qualcomm chip, the MSM6575 chip. (Id.)

On September 5, 2012, the Court held a telephonic status conference to discuss amendments to the case management scheduling order with the parties. (10-cv-2618-Doc. No. 298.)  At the hearing, the Court asked the parties to meet and confer and propose any changes to the case management schedule. (10-cv-2618-Doc. No. 321 at 1.) The parties discussed moving the deadlines for expert discovery back by one week, and the defendants stated that they would be moving to strike MPT's infringement contentions. (See id. at 2-17.) On September 6, 2012, the Court adopted the parties' proposed revisions to the scheduling order. (10-cv-2618-Doc. No. 300.)  No party requested a continuance of the trial date. (10-cv-2618-Doc. No. 299.)  The revised scheduling order moved the deadlines for expert reports back by one week as requested. (10-cv-2618-Doc. No. 300.)

On September 10, 2012, LG along with the other defendants moved to strike MPT's final infringement contentions. (10-cv-2618-Doc. No. 307.) On September 28, 2012, the Court granted in part and denied in part LG's motion to strike. (10-cv-2618-Doc. No. 357.) The Court declined to strike MPT's final infringement contentions but –at LG's request–limited MPT's final infringement contentions related to the Qualcomm chips to include only LG products that contained the Qualcomm MSM6575 chip. (Id. at 9-11.) The Court limited MPT's final infringement contentions because MPT provided only one claim chart for a single Qualcomm chip, the MSM6575 chip, in its final infringement contentions as required by the Patent Local Rules, and MPT had the burden of proving infringement. (Id.)

Only after the Court limited the infringement contentions, MPT suggested continuing the trial date, so that it could provide more detailed claim charts, and asked, in the alternative, that the Court allow it to file a new complaint against LG. (10-cv-2618-Doc. No. 365 at 48-50.) Defendants opposed continuing the trial date, and the Court declined to continue the trial date. (Id. at 50-51.) The Court's order did not address whether MPT could file a new complaint against LG. (10-cv-2618-Doc. No.

2618-Doc. No. 826 at 4 n.3; see also 12-cv-2731-Doc. No. 10 at 8:10-8:13.) See In re EMC Corp., 677 F.3d 1351, 1355 (Fed. Cir. 2012) (stating that a district court has broad discretion in determining whether severance pursuant to Federal Rule of Civil Procedure 21 is appropriate); see, e.g., Arteris S.A.S. v. Sonics, Inc., 2013 U.S. Dist. LEXIS 85370, at *21-22 (N.D. Cal. Jun. 17, 2013).

On February 6, 2013, the Court held a status conference where MPT explained that it had not yet served LG. (Doc. No. 9.) MPT then served LG with the summons and the complaint on February 8, 2013. (Doc. No. 26.) On March 1, 2013, LG filed an answer to the complaint and counterclaims. (Doc. No. 13.) On March 29, 2013, the Court held a telephonic status and case management conference and issued a scheduling

---

357.)

On October 4, 2012, MPT filed a motion for reconsideration of the Court's September 28, 2012 Order granting in part and denying in part LG's motion to strike MPT's final infringement contentions. (10-cv-2618-Doc. No. 362.) In the motion, MPT argued that the Court erred because (1) MPT was diligent with respect to all 19 Qualcomm chips and not just the MSM6575 chip and (2) the MSM6575 was representative of the infringement analysis for the other chips. (See id.; 10-cv-2618-Doc. No. 401.) At the hearing on the motion, MPT again suggested continuing the trial against LG, so that it could provide more detailed claim charts. (10-cv-2618-Doc. No. 471 at 23.) LG opposed continuing the trial date and argued that a continuance would be prejudicial. (Id. at 24-25.) On October 19, 2012, the Court denied MPT's motion for reconsideration. (10-cv-2618-Doc. No. 420.) In the order, the Court observed that any potential prejudice to MPT was likely mitigated by its ability to pursue a future action against LG or Qualcomm. (Id. at 10 n.4.)

On November 9, 2012, the Court held a hearing on the defendants' motions for summary judgment. (10-cv-2618-Doc. No. 607; see also Doc. No. 608 at 24-25 (granting in part and denying in part Apple and LG's motion for summary judgment on estoppel).) LG argued that the Court should dismiss the non-MSM6575 Qualcomm chips with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). (10-cv-2618-Doc. No. 503 at 5 n.2; Doc. No. 610 at 103-07.) At the hearing, the Court stated that MPT could proceed with the second suit to attempt to prove that the other chips were representative, and that–to the extent necessary–the Court would strike the non-MSM6575 chips without prejudice and sever those chips into the new case. (10-cv-2618-Doc. No. 610 at 101-24.) The Court explained that its intention in limiting the infringement contentions was not to bar MPT from pursuing recovery for the additional chips comprising about 95% of the LG accused products–if the other chips were indeed representative of the MSM6575 chip. (Id. at 112, 116-17, 119-20.) The Court also stated that it would reserve ruling on the res judicata effect of the first trial on the severed action. (Id. at 120.)

order. (Doc. No. 32.) On April 22, 2013, LG filed a first amended answer and counterclaims. (Doc. No. 35.)

By the present motion, MPT moves for summary judgment of LG's counterclaims. (Doc. No. 64-1.) Specifically, MPT moves for summary judgment of (1) LG's counterclaim for abuse of process; (2) LG's counterclaim for violation of California's Unfair Competition Law ("UCL"), California Business and Professions Code §§ 17200 et seq; and (3) LG's affirmative defense of failure to state a claim. (Id.)

## Discussion

### I.  Legal Standards

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure if the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Freeman v. Arpaio, 125 F.3d 732, 735 (9th Cir. 1997). A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 248.

A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. The moving party can satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to establish an essential element of the nonmoving party's case on which the nonmoving party bears the burden of proving at trial. Id. at 322-23. "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). Once the moving party establishes the absence of genuine issues of material fact, the burden shifts to the nonmoving party to set forth

1 facts showing that a genuine issue of disputed fact remains. <u>Celotex</u>, 477 U.S. at 322. The nonmoving party cannot oppose a properly supported summary judgment motion by "rest[ing] on mere allegations or denials of his pleadings." <u>Anderson</u>, 477 U.S. at 256. "The 'opponent must do more than simply show that there is some metaphysical doubt as to the material fact.'" <u>Kennedy v. Allied Mut. Ins. Co.</u>, 952 F.2d 262, 265–66 (9th Cir. 1991) (citing <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986)).

When ruling on a summary judgment motion, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. <u>Matsushita</u>, 475 U.S. at 587. The Court does not make credibility determinations with respect to evidence offered. <u>See</u> <u>T.W. Elec.</u>, 809 F.2d at 630-31 (citing <u>Matsushita</u>, 475 U.S. at 587). Summary judgment is therefore not appropriate "where contradictory inferences may reasonably be drawn from undisputed evidentiary facts." <u>Hollingsworth Solderless Terminal Co. v. Turley</u>, 622 F.2d 1324, 1335 (9th Cir. 1980).

**II.   Analysis**

    <u>A.</u>   <u>LG's Counterclaim for Abuse of Process</u>

MPT moves for summary judgment of LG's counterclaim for abuse of process. (Doc. No. 64-1 at 6-10.) "The common law tort of abuse of process arises when one uses the court's process for a purpose other than that for which the process was designed." <u>Rusheen v. Cohen</u>, 37 Cal. 4th 1048, 1056 (2006). "To succeed in an action for abuse of process, a litigant must establish that the defendant (1) contemplated an ulterior motive in using the process, and (2) committed a willful act in the use of the process not proper in the regular conduct of the proceedings." <u>Id.</u> at 1057. "In other words, abuse of process requires an act outside the purpose of the process." <u>Brown v. Kennard</u>, 94 Cal. App. 4th 40, 44 (2001). "[T]he mere filing or maintenance of a lawsuit–even for an improper purpose–is not a proper basis for an abuse of process action." <u>Oren Royal Oaks Venture v. Greenberg, Bernhard, Weiss & Karma, Inc.</u>, 42

Cal. 3d 1157, 1169 (1986).

MPT argues that it is entitled to summary judgment because LG cannot show that MPT had an ulterior motive in filing this lawsuit or that MPT improperly utilized the process in these proceedings. (Doc. No. 64-1 at 8-9.) In response, LG argues that its pleading is sufficient to maintain its claim for abuse of process. (Doc. No. 77 at 5-7.) But, a party cannot oppose a motion for summary judgment by resting on mere allegations or denials in his pleading. <u>Anderson</u>, 477 U.S. 242. LG has failed to present the Court with any evidence showing that MPT had an ulterior motive in this lawsuit other than attempting to obtain remedies for the alleged infringement of its patents. In addition, based on the Court's review of the entire record in this action and in the prior action, Case No. 10-cv-2618, there is no evidence that MPT committed a willful act in the use of the process not proper in the regular conduct of the proceedings. The Court severed the non-Qualcomm MSM6575 chips into this action, (10-cv-2618-Doc. No. 826 at 4 n.3), and issued a scheduling order setting forth all the dates up to the hearing on LG's motion for summary judgment of res judicata. (Doc. No. 32.) MPT's use of process in this litigation has been in accordance with those orders. Accordingly, the Court grants MPT's motion for summary judgment of LG's counterclaim for abuse of process.

B.   <u>LG's Counterclaim for Violation of the UCL</u>

MPT moves for summary judgment of LG's counterclaim for violation of the UCL. (Doc. No. 64-1 at 11-17.) MPT argues that LG's counterclaim for violation of the UCL is barred by the First Amendment under the <u>Noerr-Pennington</u> doctrine. (Doc. No. 64-1 at 12-16.) In response, LG argues that the "sham litigation" exception to the <u>Noerr-Pennington</u> doctrine applies to the present action. (Doc. No. 77 at 7-8, 10.)

The First Amendment protects "the right of the people . . . to petition the Government for a redress of grievances." U.S. Const. amend. I. "Under the <u>Noerr-Pennington</u> doctrine, a party that exercises its First Amendment right to petition

the government for redress generally is immune from antitrust liability premised on the petition." Apple, Inc. v. Motorola Mobility, Inc., 886 F. Supp. 2d 1061, 1075 (W.D. Wis. 2012) (citing Eastern R.R. Presidents Conference v. Noerr Motor Freight, Inc., 365 U.S. 127, 136 (1961); United Mine Workers of Am. v. Pennington, 381 U.S. 657, 670 (1965)). Initiating and prosecuting a patent infringement action is the type of petitioning activity protected by the Noerr-Pennington doctrine. Id. at 1075; see ERBE Elektromedizin GmbH v. Canady Tech. LLC, 629 F.3d 1278, 1291-92 (Fed. Cir. 2010). In addition, the Noerr-Pennington doctrine applies to claims for violation of California's UCL. See Monolithic Power Sys. v. O2 Micro Int'l Ltd., 2007 U.S. Dist. LEXIS 22556, at *18 (N.D. Cal. Mar. 14, 2007); Meridian Project Sys. v. Hardin Constr. Co., 404 F. Supp. 2d 1214, 1220-21 (E.D. Cal. 2005).

LG alleges that MPT has violated the UCL by misleading and continuing to mislead LG and the public by its false representations that it is upholding its FRAND obligations. (Doc. No. 35 ¶ 23.) To establish a violation of the UCL, the plaintiff must show that the unfair practice caused him an economic injury. Kwikset Corp. v. Sup. Ct., 51 Cal. 4th 310, 322 (2011). The only injury LG alleges it suffered is the cost of defending itself from MPT's patent infringement claims in this action. (Id. ¶¶ 26, 31.) Therefore, MPT is immune from LG's UCL claim under the Noerr-Pennington doctrine. See Apple, 886 F. Supp. 2d at 1077.

LG argues that the "sham litigation" exception applies to this action. (Doc. No. 77 at 7-8.) LG bears the burden of proving that the "sham litigation" exception applies. USSPOSCO Indus. v. Contra Costa Cnty. Bldg. & Const. Trades Council, AFL-CIO, 31 F.3d 800, 811 (9th Cir. 1994). To prove that the "sham litigation" exception applies, LG must show that the present action is both objectively baseless and subjectively motivated by a desire to impose collateral, anti-competitive injury rather than to obtain a justifiable legal remedy. ERBE, 629 F.3d at 1292. "The existence of probable cause—e.g., where the law is unsettled, the action is arguably warranted by existing

law, or there is an objectively good faith argument for extending existing law—precludes a sham litigation finding." Id. LG argues that the present action is objectively baseless based on MPT's statements in the prior action about the representativeness of the MSM6575 chip. (Doc. No. 77 at 7.) The parties briefed and argued the effect of MPT's prior statements as part of LG's motion for summary judgment of claim preclusion and/or issue preclusion. (Doc. Nos. 67, 75, 83, 91.) Although the Court grants LG's motion for summary judgment of claim preclusion and issue preclusion, MPT's claims in the present action were not objectively baseless. Also, LG has not presented any evidence showing that MPT was motivated by a desire to obtain an anti-competitive injury rather than obtain a remedy for its claims of patent infringement.

In addition, LG states in its motion that this counterclaim would be moot in the event that the Court grants LG's motion for summary judgment of claim preclusion and/or issue preclusion. (Doc. No. 77 at 10.) Because the Court grants LG's motion for summary judgment, this counterclaim is moot. Accordingly, the Court grants MPT's motion for summary judgment of LG's counterclaim for violation of the UCL.

### C.    LG's Affirmative Defense of Failure to State a Claim

MPT moves for summary judgment of LG's affirmative defense of failure to state a claim. (Doc. No. 64-1 at 17-18.) MPT argues that as a matter of law failure to state a claim is not an affirmative defense. (Id.) In response, LG argues that pleading the affirmative defense of failure to state a claim is expressly permitted by Federal Rule of Civil Procedure 12(h)(2). (Doc. No. 77 at 11-13.)

There is a split among Ninth Circuit district courts on whether failure to a claim may be pled as an affirmative defense. Compare Barnes v. AT&T Pension Benefit Plan, 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010) (holding that failure to state a claim is not an affirmative defense and striking the defense); Quintana v. Baca, 233 F.R.D. 562, 564 (C.D. Cal. 2005) (same) with Barnes & Noble, Inc. v. LSI Corp., 849 F. Supp.

1  2d 925, 945 (N.D. Cal. 2012) (holding that failure to state a claim may be pled as an
2  affirmative defense under the Federal Rules of Civil Procedure); <u>Hernandez v. Balakian</u>,
3  2007 U.S. Dist. LEXIS 43680, at *4-5 (E.D. Cal. Jun. 1, 2007) (same).  The Court
4  agrees with those district courts that hold that it may be pled as an affirmative defense
5  in an answer.  Federal Rule of Civil Procedure 12(h)(2) provides: "Failure to state a
6  claim upon which relief can be granted . . . may be raised: in any pleading allowed or
7  ordered under Rule 7(a) . . . ."  "One of the pleadings permitted by Rule 7(a) is an
8  Answer."  <u>Hernandez</u>, 2007 U.S. Dist. LEXIS 43680, at *5.  Therefore, LG may plead
9  failure to state a claim as an affirmative defense in its answer.  <u>See</u> <u>id.</u>; <u>Barnes & Noble</u>,
10 849 F. Supp. 2d at 945.  But, because the Court grants LG's motion for summary
11 judgment of claim preclusion and issue preclusion, this affirmative defense is moot.
12 Accordingly, the Court grants MPT's motion for summary judgment of LG's
13 affirmative defense of failure to state a claim.

## Conclusion

15    For the reasons above, the Court grants MPT's motion for summary judgment of
16 LG's counterclaims for abuse of process and violation of California's UCL and LG's
17 affirmative defense of failure to state a claim.

18    **IT IS SO ORDERED.**

19 Dated:  August 1, 2013

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT